[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2007
THOMAS K. KAHN
CLERK

No. 07-11831
Non-Argument Calendar

_____

D. C. Docket No. 06-00365-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE FREDY ASPRILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 3, 2007)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Jorge Asprilla appeals his 135-month sentences

imposed for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).[1] After review, we affirm.

## I.  BACKGROUND

On August 24, 2006, the United States Coast Guard ("USCG") boarded the Frutos del Mar, a Colombian fishing vessel, in international waters.  Eight crew members, including the defendant, Jorge Asprilla, were on the vessel.  The USCG arrested defendant Asprilla after discovering 105 bales of cocaine, weighing approximately 2,500 kilograms.  Two co-defendants, Abel Rosero and Eri Ibarra-Salas, were identified as the vessel's captain and engineer, respectively.

Defendant Asprilla pled guilty to both counts.  The Presentence Investigation Report ("PSI") assigned him a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1), based on the amount of cocaine found on the vessel.  The

---

[1]On October 6, 2006, the appendix to Title 46 containing the subject provisions was repealed and recodified at 46 U.S.C. §§ 70503 and 70506 with no relevant changes.  Pub. L.  No. 109-304, 120 Stat. 1485 (2006).

PSI recommended a two-level safety-valve reduction, pursuant to U.S.S.G. § 2D1.1(b)(9), and a three-level acceptance-of-responsibility reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in a total adjusted offense level of 33. Using a criminal history category of I, the PSI determined that Asprilla's advisory guidelines range was 135 to 168 months' imprisonment.

Asprilla filed an objection to the PSI, arguing that he should have received a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2. At sentencing, the district court overruled Asprilla's objection. The district court explained that Asprilla was being held accountable for only the cocaine discovered onboard the vessel and that, with the exception of the captain, Asprilla was as culpable as the rest of the vessel's crew. The district court noted that Asprilla's responsibilities included loading and unloading the cocaine.

The district court sentenced Asprilla to 135 months' imprisonment. Asprilla filed this appeal.

## II. DISCUSSION

On appeal, Asprilla argues that he should have received a mitigating-role reduction because he was merely a crew member on the vessel with no interest in

or control over the cocaine.[2]

The Guidelines provide for a downward adjustment of two to four levels based on a defendant's mitigating role in an offense.  U.S.S.G. § 3B1.2.  There is a "range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2 cmt. n.3.  A defendant who is a "minor participant" in the criminal activity is entitled to a two-level reduction.  U.S.S.G. § 3B1.2(b).  A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2 cmt. n.5.  A defendant who is a "minimal participant" in the criminal activity is entitled to a four-level reduction.  U.S.S.G. § 3B1.2(a).  A minimal participant is one who is "plainly among the least culpable . . . of a group."  U.S.S.G. § 3B1.2 cmt. n.4.  The defendant has the burden to establish his role in the offense by a preponderance of the evidence.  United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

---

[2]The district court's determination of a defendant's role in the offense is a finding of fact that we review for clear error.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

In determining whether a mitigating-role reduction applies, the district court is guided by two principles: (1) the defendant's role in the offense compared to the relevant conduct attributed to him in calculating his base offense level; and (2) the defendant's role compared to that of other participants in the offense. Id. at 940-45. "[I]n the drug courier context . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . [and] may be dispositive – in and of itself – in the extreme case." Id. at 943. Additionally, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43.

Here, we cannot say that the district court's refusal to give Asprilla a mitigating-role reduction was clear error. In calculating Asprilla's offense level, the district court held Asprilla accountable for only the cocaine found on the vessel. Thus, Asprilla's relevant conduct and his actual conduct are identical. Furthermore, the 2,500 kilograms of cocaine found on the vessel is a substantial amount of drugs.

In addition, we cannot say Asprilla was substantially less culpable than the average participant in the importation scheme. Although Asprilla, as a member of the crew, may have been less culpable than the captain and perhaps the engineer,

5

Asprilla was as culpable as the other five members of the crew, all of whom engaged in the same conduct. See id. at 944 (explaining that it is possible that some conspiracies will have no minor or minimal participants). Asprilla's emphasis on his limited involvement in the larger drug smuggling operation is unavailing because he was held accountable only for the cocaine shipment found on the vessel on this one trip. See id. (explaining that the district court should compare the defendant's role only to the other identifiable participants in the relevant conduct and that "[t]he conduct of participants in any larger criminal conspiracy is irrelevant").

Accordingly, the district court did not clearly err in denying Asprilla's request for a mitigating-role reduction.

**AFFIRMED.**